In the Matter of HARRY B. CROWLEY et al., Constituting the MONROE COUNTY BOARD OF CHILD WELFARE, et al., Petitioners, against DAVID M. BRESSLER et al., Members Constituting the State Department of Social Welfare of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, April 28, 1943.

*Harry Rosenberg* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Clarence M. Maloney* of counsel), for respondents.

MURRAY, J. Petitioners herein, constituting the Monroe County Board of Child Welfare and Clarence A. Smith, as Director of Finance of the County of Monroe, apply in this proceeding for an order under article 78 of the Civil Practice Act, directing the State Department of Social Welfare to reimburse petitioners

for expenditures made by them for school books for dependent children. The granting of such order is opposed by respondents on the grounds that the power to furnish school books to children in need thereof is by positive statutory provision placed upon home relief officials and not upon boards of child welfare and that the expenditures of the Board of Child Welfare of Monroe County for such purpose were unauthorized and improper.

It appears from the petition that the Monroe County Board of Child Welfare furnished school books to dependent children under its jurisdiction of the value and in the amount of $719.29 between the 1st day of January, 1942, and the 31st day of March, 1942, of which sum of money the sum of $680.04 was expended for Monroe County settlement cases and $39.25 for State and other counties' settlement cases, and that the further sum of $136.35, consisting of $124.85 for Monroe County settlement cases and $11.50 for other counties' settlement cases, was also expended by the Board of Child Welfare between the 1st day of April, 1942, and the 30th day of June, 1942, for books for such dependent children.

Petitioners submitted to the State Department of Social Welfare a verified statement of their expenditures for furnishing the school books to the children, and pursuant to the provisions of section 359 of the Social Welfare Law demanded reimbursement of part of such expenditures made by them at the rate of 50% reimbursement for Monroe County settlement cases and 100% reimbursement for State and other counties' settlement cases. The State Department of Social Welfare refused to certify to the Comptroller of the State of New York for payment by the State of the moneys demanded by petitioners, which in all amount to the sum of approximately $589.54. It is the contention of petitioners that such action in refusing to certify payment of such moneys on the part of the State Department of Social Welfare is arbitrary, unreasonable and contrary to the law of the State of New York.

The respondents assert that section 397 of the Social Welfare Law confers on all public welfare officials the responsibility for the administration of home relief to families in relation to all children in such families other than delinquent children, defective children, physically handicapped children and children born out of wedlock, and particularly confers the power and the duty to "Furnish children, whose parents or guardians are unable to do so, with suitable clothing, shoes, books, food and other necessaries to enable them to attend upon instruction as required by law." [§ 397, subd. 1, ¶ (c).]

Section 395 of the Social Welfare Law provides: " A public welfare district shall be responsible for the welfare of children who are in need of public assistance and care, support and protection, residing or found in its territory, *insofar as not inconsistent with the jurisdiction of a children's court and a board of child welfare* \* \* \* as defined by this chapter." (Italics mine.)

The Board of Social Welfare, the Department and the Commissioner of Social Welfare have power and authority to administer all forms of public welfare work for which the State is responsible and to supervise local welfare departments. (Social Welfare Law, § 20.) It is provided, however, that nothing in this chapter (L. 1940, ch. 619, eff. March 1, 1941) " shall be deemed to take away the jurisdiction or any power or duty of boards of child welfare, children's courts, the department, the state department of education or the state department of health." (Social Welfare Law, § 58.)

The question presented here for determination is whether or not the Monroe County Commissioner of Public Welfare has the sole and exclusive power and authority to furnish school books to dependent children and be reimbursed for such expenditure by the State of New York.

It is provided by subdivision F of section 627 of the Education Law that public welfare officials, except as otherwise provided by law, shall furnish indigent children with suitable clothing, shoes, books, food and other necessaries to enable them to attend upon instruction.

" Public welfare official shall mean a county commissioner of public welfare, a city commissioner of public welfare, *a board of child welfare,* a town public welfare officer or city public welfare officer \* \* \*." (Social Welfare Law, § 2, subd. 14; italics mine.)

Section 343 of the Social Welfare Law provides:

" 1. It is hereby declared a state policy that aid to dependent children be provided under the provisions of this title in every county of the state.

" 2. Administrative agency as used in this title shall mean either a board of child welfare or a commissioner of public welfare responsible for the administration of aid to dependent children under the provisions of this title."

Section 344 of the Social Welfare Law provides:

" 1. Aid to dependent children shall be administered by boards of child welfare or by commissioners of public welfare as herein provided.

" 2. There shall be, except as otherwise provided in this title, in each city of the state wholly including one or more counties and in each county not wholly within a city, a board of child welfare which may grant, as hereinafter provided, aid to dependent children *in order that such children may be suitably cared for by their mothers, or other relatives in their own homes.*" (Italics mine.)

Expenditures for school books are embraced within the provisions of section 350 of the Social Welfare Law, as follows: " 1. (a) Allowances shall be adequate to enable the father, mother or relative to bring up the child or minor properly, having regard for the physical, mental and moral well-being of such child or minor."

Reimbursement for aid to dependent children is provided by the Legislature by sections 358 and 359 of the Social Welfare Law. By section 359 of the Social Welfare Law the Legislature has imposed upon the State Department of Social Welfare the duty of reimbursing an administrative agency, such as the Monroe County Board of Child Welfare, for expenditures made by it in accordance with the duties imposed upon it by the Legislature. The pertinent provisions of such section are as follows:

" 1. At the end of each quarter each administrative agency shall submit to the department in such form as the department may require, a verified account of its financial operations during such quarter together with a claim for reimbursement of a part of its expenditures as hereinafter provided.

" 2. The department shall thereupon certify to the comptroller for payment by the state to the credit of each administrative agency as partial reimbursement for its expenditures under this title during such quarter for aid to dependent children and for its administrative expenses, such amount as together with the amount paid to the credit of such administrative agency pursuant to the preceding section, shall be equal to one-half of its total expenditures approved by the department for such purposes during such quarter."

The declared policy of the State is that aid to dependent children shall be furnished in every county of the State. (Social Welfare Law, § 343, subd. 1.) An administrative agency is defined as either a board of child welfare or a commissioner of public welfare responsible for the administration of aid to dependent children. (Social Welfare Law, § 343, subd. 2.) Aid may be given to dependent children by boards of child welfare as well as by commissioners of public welfare. (Social Welfare Law, § 344.) Broad powers are conferred upon boards of child welfare. (Social Welfare Law, §§ 347–350.)

Agencies for the protection and care of dependent children in every county of the State are defined by statute, and are either boards of child welfare or commissioners of public welfare.

Ever since feudalism was abolished, the problem of taking care of the needy and the poor has increased, and from that day to this many laws and statutes have been enacted to alleviate the misery of victims of economic distress. The laws for the relief of dependent children have steadily progressed. Much thought and attention have been applied to the problem by public-spirited citizens, educators, legislators, thinkers and social philosophers.

It is humiliating and degrading for a self-respecting person to be forced to apply for assistance to public authorities. The history of child welfare legislation shows it was enacted primarily for the purpose of retaining home conditions and home atmosphere for dependent children. The ideal sought was to keep and preserve the social, the spiritual and physical gains for children as obtained by them from their parents. The interest of the child has been ever paramount. The Social Welfare Law means something more than merely providing food, clothing and shelter for the dependent child. Regard must be had for the mental, physical and moral welfare of the child.

The spirit of such legislation is not only to limit the physical damage resulting from the death of the " breadwinner ", but to preserve the independence and morale of the child by keeping him in as nearly a normal family environment as possible; to remove, and keep the child away from, the haunting stigma of being an object of charity. Most certainly, it must be admitted that the journey of a weary mother to the office of the poor-master, now the commissioner of public welfare, in quest of school books would in no way improve her spirit or the morale of helpless, dependent children.

One of the aims of the humane social welfare laws, in part at least, is to prevent as far as possible the institutionalization of children; to provide for them the God-given right of having a place they can call home and the tender and sacred influences surrounding it, rather than the formalized regimentation in buildings, however beautiful and sanitary, called orphan asylums, retreats or houses of refuge.

The education and training of a child is of equal importance to giving and providing meat and drink for such child. Unless education is provided for dependent children the very purposes of child welfare legislation would be nullified and defeated. The Social Welfare Law enacted for the benefit of dependent children then would be a mockery and a sham, only an empty ges-

ture. No education of any value is possible without school books. There is no law which expressly or by a fair implication denies boards of child welfare the right to provide school books for dependent children.

If boards of child welfare can supply eyeglasses or spectacles to improve the vision of dependent children and also furnish necessary dental work to keep such children healthy and well, why not school books? The fundamental purpose of the Social Welfare Law in creating boards of child welfare and clothing such boards with powers and duties over dependent children was also to remove and keep such children and their mothers as far away as possible from the doors of public welfare or relief authorities as applicants for charity.

Boards of child welfare are public welfare officials, and section 397 of the Social Welfare Law declares that all public welfare officials responsible for home relief to families shall, in relation to children, furnish such children whose parents or guardians are unable to do so books to enable them to attend upon instruction required by law.

The interpretation of the law that only the Monroe County Commissioner of Public Welfare is authorized to supply dependent children with school books for their education and that the Board of Child Welfare of Monroe County has no power or authority to incur such expenditure is too narrow, unreasonable and arbitrary. For the reasons stated herein, motion of petitioners is accordingly granted for the relief demanded.

Submit order.